FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 19 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **'08 - CV - 02762 BNB**

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

PAUL W. DRIGGERS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
UNITED STATES BUREAU OF PRISONS, and
J. M. WILNER, Warden,

    Defendants.

---

## ORDER DIRECTING CLERK TO COMMENCE A CIVIL ACTION, CONSTRUING *BIVENS* ACTION AS A HABEAS CORPUS ACTION, AND INSTRUCTING PLAINTIFF TO CURE DEFICIENCIES

---

Plaintiff, Paul W. Driggers, is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at FCI Tucson. Mr. Driggers filed a *pro se* Prisoner Complaint. He failed either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court, however, has determined that the action is deficient for other reasons as described in this Order. Notwithstanding the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any papers that Mr. Driggers files in response to this Order must include the civil action number on the Order.

The Court has reviewed the Complaint and finds that Mr. Driggers is asserting habeas corpus claims rather than civil rights claims. Mr. Driggers states on Page Two

of the form that he is filing the instant action pursuant to 28 U.S.C. § 2241 and is seeking the return of forty-eight days of good-time credits. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Driggers will be directed to complete the proper, Court-approved form used for filing a habeas corpus action and submit the completed form to the Court if he wishes to pursue his claims. Mr. Driggers also will be required to submit to the Court a completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action and a certified copy of his inmate trust fund account statement showing the current balance in his inmate account, if he desires to proceed *in forma pauperis*. Otherwise, he will be required to pay the $5.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a habeas corpus action filed pursuant to 28 U.S.C. § 2241, rather than a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It is

2

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Driggers shall complete and file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Driggers, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit. In the alternative, he may pay the $5.00 filing fee in full. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Driggers two copies of the following forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § in a Habeas Action. It is

FURTHER ORDERED that if Mr. Driggers fails to comply with this Order, **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Driggers' claims until he has complied with this Order.

DATED at Denver, Colorado, this 17th day of December, 2008.

BY THE COURT:

*[signature]*
BOYD N. BOLAND
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '08 - CV - 02762

Paul W. Driggers
Reg. No. 00922-287
FCI - Tucson
PO Box 23811
Tucson, AZ 85734-3811

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 forms** the above-named individuals on 12/19/08

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk